C. B. RICHARD & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. June 13, 1892.)

No. 714.

CUSTOMS DUTIES — CLASSIFICATION — MEDICINAL PREPARATIONS — MEDICATED FRUIT JUICE.

Fruit juice which has been concentrated and medicated but is not used by itself as a medicine, but as an ingredient in the preparation of a medicine, is not dutiable as a medicinal preparation under paragraph 75, Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule A, 26 Stat. 570.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below see G. A. 1,183 (T. D. 12,445), in which the board of general appraisers affirmed the assessment of duty by the collector of customs at the port of New York. The merchandise in dis-

pute was classified under the provision for cherry juice in Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule H, par. 339, 26 Stat. 590. The importers contended that it should have been classified as a medicinal preparation under paragraph 75 of said act, § 1, Schedule A, 26 Stat. 570. The board overruled this contention for the following reasons:

Wilkinson, General Appraiser. The importers testified at the hearing of the case that the article in controversy is a concentrated cherry juice, to which they had instructed the German manufacturer to add three chemical ingredients of an antiseptic and medicinal character. They also presented an affidavit from the manufacturer that the instructions had been duly carried out. The appellants further testified that while the juice in its imported condition is not employed to cure or alleviate bodily disorders, is it used exclusively as an ingredient in a medicinal preparation manufactured by them in New York, and that it is unfit for other use.

"In the opinion of the board, an article to be entitled to classification as a medicinal preparation must be an agent to be used for the cure or palliation of bodily disorders. There is nothing before the board to show that the cherry juice in question has either one of these characteristics."

Comstock & Brown (Albert Comstock, of counsel), for importers. James T. Van Rensselaer, Asst. U. S. Atty.

LACOMBE, Circuit Judge. I must say that I agree with the board of appraisers. Although this article may have advanced somewhat beyond cherry juice, it has not got quite far enough along to reach the next station, and become a medicinal preparation, as contemplated by law. For that reason I shall affirm the decision of the board of appraisers.